Submitted November 6, 2009, reversed and remanded March 3, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## OMAR MORENO-ROSALES,
*Defendant-Appellant.*

Washington County Circuit Court
D076303T; A139037

227 P3d 1219

Peter Gartlan, Chief Defender, and Irene B. Taylor, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for misdemeanor driving while suspended, ORS 811.182(4), assigning error to the trial court's denial of his pretrial motion to suppress. The state concedes that the trial court should have granted the motion to suppress. We agree and reverse and remand.

A police officer drove behind defendant's vehicle and, without any reason to do so, ran defendant's license plate number through the Department of Motor Vehicles (DMV) records. The officer learned that the vehicle's insurance had expired two months earlier; he also learned that the vehicle had since been sold to a new owner. When the officer stopped defendant for having expired insurance, defendant informed the officer that his insurance for the vehicle was current. The officer then requested defendant's driver's license, and defendant provided the officer with an Oregon Identification Card. With that information, the officer learned that there was an outstanding warrant for defendant's arrest and that defendant's driver's license had been suspended.

Defendant was charged with driving while suspended. He asserted, in a pretrial motion, that he had been subjected to an unlawful search and an unlawful stop and that, accordingly, the evidence against him should be suppressed. The court denied the motion, and defendant was convicted as charged.

On appeal, defendant argues—as he did below—that it is impermissible for a police officer, without probable cause and an exception to the warrant requirement, to search the personal information in a driver's DMV record. He argues, in the alternative, that, even if doing so is permissible, the officer in this case lacked objective probable cause to stop the vehicle for expired insurance because any cause that the officer had to believe that the vehicle was uninsured dissipated once the officer became aware that the vehicle had been sold. Although the state "fully disputes" defendant's first argument, the state concedes that defendant's alternative argument has merit and that the trial court erred in denying defendant's suppression motion on that basis. The state

acknowledges that the record does not establish that the officer in this case had objective probable cause to stop defendant's vehicle for expired insurance.

■ We accept the state's concession. A police officer may stop a vehicle or person for a traffic infraction if the officer subjectively believes that the infraction occurred and that belief is objectively reasonable under the circumstances. *State v. Matthews*, 320 Or 398, 403, 884 P2d 1224 (1994); *see also* ORS 810.410(3)(b). It is the state's burden to establish that a traffic stop is supported by probable cause. *Matthews*, 320 Or at 404 n 7.

■ In this case, because the vehicle had been sold since the insurance had expired, the person with the expired insurance was likely not the driver, and it was unreasonable for the officer to assume that the vehicle continued to be uninsured under the new owner. We agree with the parties, therefore, that the record in this case does not establish that the officer had objective probable cause to stop defendant for expired insurance and that the trial court should have granted defendant's suppression motion on that basis. Accordingly, we need not decide whether accessing the DMV records constituted a search in the first place.

Reversed and remanded.